UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | CRIMINAL NO. 3:14-CR-0266-B-29 |
| MONITEVETI KATOA, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Moniteveti Katoa's Motion for Compassionate Release (Doc. 2433). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

## I.

## BACKGROUND

On September 22, 2016, Katoa was sentenced to 188 months of imprisonment and five years of supervised release after pleading guilty to conspiracy to possess with intent to distribute a controlled substance. Doc. 1487, J., 1–3. Katoa is currently fifty-seven years old and is confined at Correctional Institution (CI) Big Spring with a statutory release date of December 15, 2028.[1] As of September 24, 2020, CI Big Spring has six active cases of COVID-19 among its inmates.[2]

Katoa filed a motion for compassionate release (Doc. 2433) with this Court on September 8, 2020. In his motion, Katoa asks the Court to grant him compassionate release due to his poor

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/.

[2] The BOP's COVID-19 case website is available at https://www.bop.gov/coronavirus/.

-1-

health, which would hinder his ability to recover from COVID-19 if he were to contract the virus. *See* Doc. 2433, Def.'s Mot., 1. The Court addresses this motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

Katoa's request for compassionate release fails because he has not satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

---

[3] The Court has recently clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concludes that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his

Katoa has not complied with this requirement. Though he states that he asked the warden of his facility to release him, Doc. 2433, Def.'s Mot., 1, he attaches no proof of this request. *See generally id.* Thus, Katoa has not proven that he made a request to the warden for compassionate release, and his compassionate-release motion fails. *See United States v. Franco*, —F.3d—, 2020 WL 5249369, at *2–3 (5th Cir. 2020) (concluding that the exhaustion requirement is mandatory and defendants seeking compassionate release "must first file a request with the BOP"). Accordingly, the Court **DENIES** Katoa's motion for compassionate release **WITHOUT PREJUDICE**.

## IV.

## CONCLUSION

For the foregoing reasons, Katoa's compassionate-release motion (Doc. 2433) is **DENIED WITHOUT PREJUDICE**. By denying Katoa's motion without prejudice, the Court permits Katoa to file a subsequent motion for compassionate release upon satisfaction of the exhaustion requirement. However, the Court advises Katoa that it will not credit his allegations of medical conditions without supporting documentation. Further, the Court notes that before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. Because Katoa has not satisfied the exhaustion requirement, the Court need not conduct that analysis today.

---

compassionate-release request—irrespective of a denial. *See id.* at *5.

SO ORDERED.

SIGNED: September 30, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

-4-